UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY FOX | CIVIL ACTION |
| VERSUS | NO. 25-958 |
| MARKET MAX, L.L.C. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is plaintiff Jerry Fox's motion to remand.[1] Defendants Market Max, L.L.C. ("Market Max") and Brooke Stein oppose the motion.[2] For the following reasons, the Court denies plaintiff's motion to remand and dismisses Stein as a party.

## I.  BACKGROUND

Fox, a Louisiana citizen, sued Market Max, a Mississippi L.L.C.,[3] and Stein, a Louisiana citizen, on February 14, 2025, in Louisiana state court. Fox entered the Market Max convenience store to make a purchase, allegedly slipping and falling on a rubber mat in front of the cash register and injuring his spine.[4]

---

[1]  R. Doc. 4.
[2]  R. Doc. 7.
[3]  The L.L.C. has three members, each of whom are residents of Mississippi.
[4]  R. Doc. 1-4 at 1.

1

On May 15, 2025, defendants invoked diversity jurisdiction to remove the case to this Court.[5] Defendants averred that there is complete diversity of citizenship between plaintiff and defendants, claiming that plaintiff improperly joined Stein to destroy diversity. Defendants supported this assertion with an affidavit from Russell McNeil, the Director of Operations for Market Max, who declared that Stein was not on the premises of the Market Max when Fox allegedly slipped and fell.[6] Defendants contended that the amount in controversy exceeds $75,000.[7]

Plaintiff now moves to remand, arguing that Stein is a properly joined party whose Louisiana citizenship defeats complete diversity and that defendants have not shown that the amount in controversy is greater than $75,000.[8]

The Court considers the motion to remand below.

## II.  LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Subject matter jurisdiction must exist at the time of removal to

---

[5]  R. Doc. 1.
[6]  R. Doc. 7-10, at 1.
[7]  R. Doc. 1. at 2.
[8]  R. Doc. 4.

federal court, based on the facts and allegations contained in the complaint. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002). Doubt as to "whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states," and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

Having a plaintiff and a defendant who are citizens of the same state ordinarily destroys complete diversity. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Domicile determines individual citizenship. *English v. Aramark Corp.*, 858 F. App'x 115, 116 (5th Cir. 2021). An L.L.C. has the citizenship of each state where its members reside. *Id.*

Incomplete diversity will not destroy federal subject matter jurisdiction if the non-diverse party was improperly joined. It is the removing party's burden to establish improper joinder, and the burden is a heavy one. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). The Fifth Circuit recognizes two ways for the removing party to establish improper joinder: (1) "actual fraud in the pleading of jurisdictional factors;" or (2) an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573.

When, as is common in Louisiana,[9] the plaintiff does not allege a specific amount in controversy, the "removing defendant must prove by a preponderance of the evidence that the amount in controversy" requirement is met. *Allen*, 63 F.3d at 1335 (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). The defendant can meet this burden by (1) demonstrating that it is apparent from the face of the complaint that the value of the claims is likely to exceed the jurisdictional amount, or (2) setting

---

9   Louisiana state civil code disallows damage claims for specific amounts except in cases in which a specific amount of damages is necessary to establish a lack of federal subject matter jurisdiction. LA. CODE CIV. PROC. art. 893(A)(1).

4

forth "'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723.

### III. DISCUSSION

#### A. Diversity of Citizenship

It is undisputed that plaintiff is a citizen of Louisiana for purposes of diversity jurisdiction and that Stein is also a Louisiana citizen. Thus, complete diversity is, on its face, not present between plaintiff and Stein. According to defendants, however, federal diversity jurisdiction is proper, even though plaintiff and Stein share Louisiana citizenship, because plaintiff improperly joined Stein as a defendant. Defendants assert that Stein did not work on the day of plaintiff's slip-and-fall.

As there is no allegation of actual fraud in this case, the test here is whether defendant has demonstrated no possibility of recovery against Stein. *Smallwood*, 385 F.3d at 573. The Court may resolve this issue in either of two ways. The court "may conduct as Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Ordinarily, if a plaintiff could survive such an analysis, there is no improper joinder. *Id.* However, there are cases where "plaintiff has stated a claim, but

5

has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* In those cases, the district court has discretion to "pierce the pleadings and conduct a summary inquiry." *Id.*

Here, the Court first conducts a Rule 12(b)(6)-type analysis examining the allegations of the complaint to determine if it states a claim. *See Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014). In determining the validity of an improper joinder, the court construes factual allegations and resolves contested factual issues and legal ambiguities in the plaintiff's favor. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). The Court finds that the complaint does not state a state-law claim upon which relief can be granted. Under Louisiana law, a store manager or employee cannot be held liable for an injury to a third party unless the manager or employee breached an independent, personal duty to the third party, which caused the third party's injury. *Canter v. Koehring Co.*, 283 So. 2d 716, 720-21 (La. 1973), *superseded by statute on other grounds*, La. Rev. Stat. § 23:1032.

In *Canter*, the Louisiana Supreme Court identified four distinct criteria which must be satisfied before an employee can be found liable to a third party for his or her injury. *Id.* The employee must "owe a duty of care to the Plaintiffs, breach of which causes the damage for which recovery is sought;"

6

the duty "must have been delegated to the nondiverse defendants;" and the "non diverse defendants must have breached the delegated duty through 'personal (as contrasted with technical or vicarious) fault.'" *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 312 (5th Cir. 2005) (quoting *Canter*, 283 So. 2d. at 721)). Under *Canter*, personal liability cannot be imposed simply because of an employee's general administrative responsibility. *Id.* (citing *Canter*, 283 So. 2d. at 721).

Fox argues Stein is liable for the injuries he sustained in the slip-and-fall incident. But plaintiff's complaint merely recites that Stein was an employee and acting manager of Market Max and was "separately and collectively negligent."[10] Nowhere does plaintiff allege that Stein owed Fox a personal duty or that Stein breached such a duty. Nor are there allegations that Stein independently or intentionally acted in a harmful manner. Allegations such as those in plaintiffs' state-court complaint are not sufficient under *Canter* to impose personal liability on Stein. *Canter*, 283 So. 2d. at 721; *see also Guillory*, 434 F.3d at 307.

Even if there were doubts about the insufficiency of the complaint, the plaintiff omitted facts that buttress the Court's conclusion, namely that Stein

---

10   R. Doc. 1-4, at 2.

7

was not present on the day of plaintiff's fall.[11] Given the omission, the Court finds it appropriate to pierce the pleadings and conduct a summary inquiry. In conducting the inquiry, the Court applies a standard close to the Rule 12(b)(6) standard, accounts for the "status of discovery," and considers the limited opportunities plaintiff has had to develop his claims against Stein. *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004).

Here, the Court pierces the pleadings to consider defendants' affidavit that Stein was not working or at the premises on December 20, 2024.[12] Stein's absence on the day of plaintiff's fall is an obstacle to plaintiff's claims.[13] *See Burnett v. M & E Food Mart, Inc. No. 2*, 772 So. 2d 393, 393 (La. App. 3 Cir. 2000) (finding that an acting store manager who was not working on the day of a slip-and-fall was not liable for plaintiff's injuries). Further, because Stein was off duty, the only allegations that plaintiff could reasonably make against her relate solely to her general supervisory duties. Because *Canter* bars such claims, the Court concludes that Stein was improperly joined to this suit. *Guillory*, 434 F.3d at 312. The Court dismisses Stein from this suit.

---

[11]    R. Doc. 7-10, at 1.
[12]    *Id.*
[13]    *Id.*, at 2.

As between Fox and Market Max, complete diversity is present. Fox is a Louisiana citizen. Market Max is an L.L.C. with three members, each of whom are Mississippi citizens. As such, Market Max is domiciled in Mississippi for diversity jurisdiction purposes.

### B. Amount in Controversy

Here, defendant does not contend that it is facially apparent from the face of the complaint that the jurisdictional amount is satisfied. The Court does not find to the contrary. *See Guillory v. Chevron Stations, Inc.*, No. 3-2385, 2004 WL 1661201, at *2 (E.D. La. July 22, 2004) (amount in controversy not facially apparent from the complaint when plaintiff alleged "a fracture to her knee and torn internal structures of her knee" and sought damages for past and future pain, suffering, disability, medical expenses, loss of wage and salary, and loss of enjoyment of life).

The Court finds that the basis for removal was ambiguous at the time of removal. Accordingly, it is Defendant's burden to show that the amount in controversy exceeds $75,000 by "'summary judgment type' evidence." *Manguno*, 276 F.3d at 723. Defendants provide such evidence.[14] Defendants show that in Plaintiff's response to Defendant's Request for Admissions,

---

14   R. Doc. 1-5, at 5.

Plaintiff admitted that "Plaintiff's damages exceed $75,000."[15] Plaintiff's admission is sufficient to establish the amount in controversy requirement is met by a preponderance of the evidence.

### C. Fees

Plaintiff is not entitled to just costs and actual expenses incurred because the Court denies Plaintiff's motion to remand.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to remand.

Defendant Brooke Stein is DISMISSED as a defendant in this action.

New Orleans, Louisiana, this __25th__ day of August, 2025.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[15] *Id.* Text to this effect is concealed in R. Doc. 1-5. The Certificate of Service box covers the end of the preceding sentence, which both parties affirm should read "Plaintiff's damages exceed $75,000."